FRANCIS M. CRAWLEY ET AL., PLAINTIFFS-RESPONDENTS, v. TOWN OF MONTCLAIR, DEFENDANT-APPELLANT.

Submitted May 2, 1939—Decided July 19, 1939.

Before Brogan, Chief Justice, and Justices Donges and Porter.

For the appellant, *George S. Harris.*

For the respondents, *Clancy & Murphy.*

Per Curiam.

Defendant-appellant, town of Montclair, was the owner of land in that municipality on which a building was constructed. Plaintiffs-respondents were real estate brokers. In December of 1936, Francis M. Crawley contacted the Department of Motor Vehicles and interested that state agency in leasing the premises of appellant for use by that department. Plaintiffs assert that as a result of such efforts on the part of Crawley, the municipality tore down the old building and erected a new building on its lands and entered into a lease with the Department of Motor Vehicles for a term of five years at a yearly rental of $3,600. Plaintiffs claim a commission for procuring the lease in the sum of $585, but waived the excess over the jurisdiction of the East Orange District Court, in which suit was instituted. After trial, that court rendered judgment in favor of the plaintiffs in the sum of $500, and appeal is taken from that judgment.

The record discloses that F. M. Crawley brought the matter to the attention of the Department of Motor Vehicles; that he discussed the possible letting with the commissioner of parks and public property of the municipality, who instructed Crawley to proceed with the negotiations and to effect a leasing of the property, if possible. The commissioner testified that he recognized Crawley as the broker in the transaction, and that he regarded the charge for the service as reasonable.

The defense was that there was no agreement with the municipality or with anyone authorized to bind the municipality and that there was no ratification by the municipal governing body.

We conclude, from the undisputed evidence, that no agreement for compensation was entered into between plaintiffs and the commissioner of parks and public property, nor was any such agreement reported to the governing body. The proofs are barren of anything suggesting employment of plaintiff Crawley at any compensation. The commissioner testified that he told Crawley to see what he could do, but did not say that he agreed to compensate him or that he reported to the governing body that Crawley was employed and was to be compensated. Commissioner McMahon testified:

"*Q*. Did you at any time introduce an ordinance for the appropriation to pay the plaintiffs' fee in this case? *A*. No. *Q*. Did you ask the Board of Commissioners for an appropriation for the purpose? *A*. I submitted the bill received by me to the commissioners in conference, and my advice was that we had another bill from Mr. Hudson for this same job and it should be referred to the court for settlement. *Q*. Had you, prior to the time when the bill of the plaintiff was submitted, acquainted the board with the fact that you had employed Mr. Crawley? *A*. I am not sure of that, but it does seem to me that when Mr. Hudson's bill originally came in I did mention it."

Plaintiffs are required to prove an agreement binding on the municipality. The record, as stated, fails to show an agreement for compensation with the commissioner with whom Crawley was dealing, and, further, that the governing body was not even informed that Crawley was in any way associated with the effort to lease municipal property to the state department until after the matter was consummated and another broker, Hudson, submitted a bill for the same services. It follows, therefore, that plaintiffs cannot recover either on the theory of an express contract with anyone, or on the theory of ratification of a contract for compensation by knowingly accepting the benefit of service.

The judgment under review is reversed, with costs.